IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Donna K. Davis, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:14-cv-4314-TMC-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 of the District of South Carolina. (ECF No. 17).[1]  Donna K. Davis ("Davis") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  In her Report, Magistrate Judge Gossett recommends affirming the Commissioner's decision.  *Id.* Davis filed objections to the Report (ECF No. 19), and the Commissioner filed a reply (ECF No. 20).  For the reasons provided below, the court adopts the magistrate judge's Report and affirms the decision of the Commissioner.

_____

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are set forth in the administrative record and are summarized as follows. Davis was born in 1966 and was forty-two years old on February 25, 2009, the alleged disability onset date. (R. at 176, ECF No. 6-4.) She has a college education and has past relevant work experience as a probation/parole agent for nearly twenty years. (*Id.* at 308, 314, ECF No. 6-7.) Davis alleges disability due to "Bipolar type II w/severe depression, Crohn's Disease, Chronic Fatigue/Pain(possible Fibromyalgia) [sic], [and] HypoThyroidism." (*Id.* at 307, ECF No. 6-7.)

On March 3, 2009, Davis filed an application for DIB. (*Id.* at 176, ECF No. 6-4.) The application was denied initially on June 25, 2009, and denied again upon reconsideration on February 22, 2010. (*Id.* at 174-76, ECF No. 6-4.) Thereafter, Davis filed a written request for a hearing on March 5, 2010, before an administrative law judge ("ALJ"). (*Id.* at 214-15, ECF No. 6-4.) A hearing was held on November 30, 2010. (*Id.* at 154, ECF No. 6-3.) The ALJ issued a decision on January 26, 2011, which stated that "although [Davis's] additional limitations do not allow [her] to perform the full range of light work, considering [her] age, education and transferable work skills, a finding of 'not disabled' is appropriate . . . ." (R. at 181-89, ECF No. 6-4.) Davis requested review by the Appeals Council, which subsequently issued an order on June 28, 2012, vacating the hearing decision and remanding the case for further proceedings to consider evidence the ALJ did not consider initially, including treating source statements and Davis's obesity. (*Id.* at 201-03, ECF No. 6-4.)

A second hearing was held on December 3, 2012. (*Id.* at 22, ECF No. 6-2.) After the hearing, the ALJ issued a decision on March 8, 2013, holding that a "not disabled" finding was appropriate based on Davis's age, education, work experience, and residual functional capacity

("RFC").  (*Id.* at 22-45, ECF No. 6-2.)  Davis requested review by the Appeals Council again, but it denied the request on September 17, 2014, making the decision of the ALJ the final action of the Commissioner.  (*Id.* at 1-3, ECF No. 6-2.)  Davis filed the instant action on November 6, 2014.  (Compl., ECF No. 1.)

## II. THE MAGISTRATE JUDGE'S REPORT

Davis raised two issues before the magistrate judge:  (1) that the ALJ posed an improper hypothetical to the vocational expert ("VE") at the December 3, 2012 hearing, and (2) that the ALJ improperly weighed one treating physician's opinion.  (Pl. Br. 20, 22, ECF No. 11.)  The magistrate judge found Davis's arguments to be without merit.  (Report, generally, ECF No. 17.)  Further, the magistrate judge found that Davis did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  (*Id.* at 15, ECF No. 17.)  Therefore, the magistrate judge recommended that the Commissioner's decision be affirmed.  (*Id.*, ECF No. 17.)

## III. DISCUSSION OF THE LAW

### A.  Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  *See Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).  Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## B. Objections

Davis filed one objection to the magistrate judge's Report. Davis objects to the magistrate judge's determination that the ALJ did not err in failing to include mental limitations with regard to her concentration, persistence, or pace in the hypothetical question presented to the VE. (Objection 1, ECF No. 19.) The ALJ uses five steps to determine a claimant's disability. 20 C.F.R. § 404.1520(a). The relevant steps in this case are steps three, four, and five. At step three, if the ALJ determines that a claimant's medically determinable impairments are not sufficient to automatically entitle the claimant to disability status under the Code of Federal Regulations, then the analysis proceeds to the next step. (R. at 24, ECF No. 6-2.) Between steps three and four, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is an individual's ability to do physical and mental work activities on a sustained basis despite limitations from the individual's impairments. (*Id.*, ECF No. 6-2.) At step four, the ALJ must determine whether the claimant has the RFC to perform any past relevant work; if not, the analysis proceeds to step five, where the ALJ must determine whether the claimant has the RFC to perform any other work. (*Id.*, ECF No. 6-2.)

In this case, the ALJ determined at step three that "[w]ith regard to concentration, persistence, or pace, [Davis] has *at most* moderate difficulties." (*Id.* at 28, ECF No. 6-2 (emphasis

added).) This determination was based on a detailed examination of Davis's capabilities, including findings that Davis "demonstrated no difficulties related to understanding, coherency, or concentrating" in a face-to-face interview with an agency representative, that she "stated that she finished what she started," and that a treating physician found Davis to be "alert, responsive, and able to maintain attention and concentration" during an examination. (*Id*. at 28-29, ECF No. 6-2.) Ultimately, at step three, the ALJ determined that Davis did not have an impairment that automatically entitled her to disability status under the Code of Federal Regulations. (R. at 26-29, ECF No. 6-2.) However, the findings concerning Davis's concentration, persistence, or pace were directly reflected in the RFC assessment the ALJ undertook before proceeding to step four. (*Id*. at 30, ECF No. 6-2 (stating the "residual functional capacity assessment reflect[ed] the degree of limitation [the ALJ] found in the . . . mental function analysis").) Further, in her credibility analysis, the ALJ determined that Davis's "statements concerning intensity, persistence and limiting effects of these symptoms [of her medical impairments] are not credible to the extent they are inconsistent with the [RFC] assessment." (*Id*. at 32, ECF No. 6-2.) Based on the analysis, the ALJ concluded that Davis has the RFC to perform "simply, routine, repetitive task[s]." (*Id*. at 36, ECF No. 6-2.)

To determine whether Davis could perform work despite her functional limitations under step four, the ALJ asked the VE the following:

> I'm going to ask you if you would to assume a hypothetical person, age 46, college degree, B.S. in criminal justice, past relevant work same as the claimant's; with the ability to do no more than light work with the following limitations: the person would able to sit, stand, or walk six out of eight hours each, for a total of a eight hour day, but she would need to be able to change positions; and she would need to be in close proximity to a bathroom; she would need to take extra, additional breaks for up to five minutes, probably every hour or two; all right, should also only

occasional ladder, frequent on all the other posturals; avoid concentrated exposure to vibration, heat, cold, hazards; and I believe those are the limitations which I gave before. Any of her prior -- could she return to her prior job?

(*Id.* at 82, ECF No. 6-2 (errors in original).) Based on the ALJ's hypothetical, the VE determined that a hypothetical person could not perform Davis's past relevant work or any direct transfer jobs. (*Id.* at 84, ECF No. 6-2.) However, based on the same hypothetical, the VE later testified that such an individual could perform three specific light occupations with a specific vocational preparation ("SVP") of 2 and that there would be other sedentary jobs that such an individual could perform as well.[2] (R. at 84, ECF No. 6-2.) Thus, at step four, the ALJ concluded Davis could not perform her past work, but at step five, the ALJ concluded Davis could perform other light occupations.

"In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all . . . evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (internal citation omitted). "There is, however, no requirement that a hypothetical question contain a function-by-function assessment as required when formulating an RFC. Rather, the hypothetical only needs to include all of the claimant's *credible* impairments." *Torres v. Astrue*, No. 07-2865, 2009 WL 873995, at *8 (D.S.C. Mar. 30, 2009) (unpublished). "Accordingly, if the record does not support the existence of a limitation, the ALJ need not include it in the hypothetical question." *Id.* (citing *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3rd Cir. 2005) ("[T]he ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations* . . . .") (emphasis in original)).

---

[2] The three specific light occupations were office helper, routing clerk, and mail clerk. (R. at 84.)

6

The magistrate judge concluded that the ALJ "sufficiently addressed any limitations in Davis's concentration, persistence, or pace in assessing her [RFC] and presenting the hypothetical question to the [VE]." (Report 9, ECF No. 17.)  After review, the court agrees with the magistrate judge's Report and Recommendation and concludes the ALJ's finding was supported by substantial evidence and the established limitations which the ALJ included in the hypothetical question to the VE.

In her filings before the magistrate judge and in her objection to the Report and Recommendation, Davis relies on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), in support of her position that the hypothetical presented to the VE was improper.  In *Mascio*, the Fourth Circuit held that the ALJ's hypothetical question to the VE at steps four and five was legally insufficient in that it failed to include  – without any explanation by the ALJ in the RFC assessment – the ALJ's finding of a moderate limitation on the claimant's ability to maintain concentration, persistence, or pace in step three.  *Id.* at 638.  However, as the magistrate judge noted, Davis's case is distinguishable from *Mascio*.  The Fourth Circuit stated in *Mascio* that "the hypothetical was incomplete only if the ALJ failed to account for a relevant factor when determining [the claimant's] residual functional capacity."  *Id.*  The Fourth Circuit further addressed how to avoid an incomplete hypothetical:

> Perhaps the ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [a claimant's] residual functional capacity.  For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [a claimant's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert.  But because the ALJ here gave no explanation, a remand is in order.

*Id.* (internal citation omitted).  As discussed above and contrary to the *Mascio* case, the ALJ accounted for Davis's limitations and credibility in determining her RFC prior to proceeding to steps four and five.  Further, the ALJ found that any limitation in Davis's concentration, persistence, or pace did not affect her ability to perform simple, routine, repetitive tasks.  Therefore, the ALJ appropriately explained the exclusion of any limitation in Davis's concentration, persistence, or pace from the hypothetical question to the VE in steps four and five.  Thus, Davis's reliance on *Mascio* is unavailing in this case.  Based on the foregoing, the ALJ posed a proper hypothetical question to the VE and the decision was supported by substantial evidence.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein.  Therefore, it is

**ORDERED** that the decision of the Commissioner is affirmed.

**IT IS SO ORDERED**.

s/Timothy M. Cain

_____

Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 4, 2015